COLUMBUS MUTUAL LIFE INS. CO. *v.* KLEIN, ADMX.

(Decided November 17, 1930.)

*Messrs. Andrews, Andrews & Rogers,* for plaintiff in error.

*Mr. John A. Crist,* for defendant in error.

Ross, J.   This case comes into this court on error from the court of common pleas of Butler county, Ohio, wherein judgment was rendered upon a general verdict in favor of the plaintiff, Clara Klein, administratrix of Marie Klein, the holder of a policy of insurance in the Columbus Mutual Life Insurance Company.

The petition alleges that the plaintiff's decedent came to her death as a result of drowning at a public bathing beach at St. Mary's Lake, Celina, Ohio; the policyholder's life being insured by the insurance company against such accident in the following clause:

"Sec. B.   One-half the original amounts stated in Section A, for loss of life, sight, or limbs, within the time above limited, from bodily injuries as aforesaid, and only if the injuries causing such loss are sustained by the Insured in the manner stipulated as follows:   *   *   *

"(4)  As a result of drowning at a public bathing beach."

The petition further alleges that the company has refused to pay the sum of $500 due and payable under the terms of the policy, after demand therefor.

The answer admits $50 liability, and otherwise is a general denial.

Some hours before the decedent met her death she,

with four others, went in a launch from the west to the east end of St. Mary's Reservoir. After stopping for a short time at a resort known as Nova Villa, the party started back in the launch for Highland Park, at the north end of the lake, the place from which the party had originally put out. A windstorm became so violent as to cause those having charge of the launch to attempt to land on the north shore, but, at one point at least, they were prevented by logs or pilings along the shore. An attempt was then made to run into a little bay near Idlewild, on the north shore, but in turning the launch the boat became filled with water and sank at a point some five hundred yards out from shore, all of the occupants being drowned, save one.

The evidence is clear that at Idlewild there was a public bathing beach similar to many others about the lake or reservoir, which was about ten miles in length east and west, and four miles wide north and south, and almost rectangular in shape. Highland Park was a resort located some distance to the west of Idlewild, along the north shore.

The decedent was stopping at a cottage on the lake, not located at Idlewild; nor was she in any way connected with Idlewild. She was not an owner, employee, patron, or guest of Idlewild.

It is contended by the defendant in error that this evidence shows that the decedent met her death by ''drowning at a public bathing beach,'' within the terms of the policy.

The company moved for an instructed verdict in its favor at the close of the evidence. This motion ought to have been granted, and it was prejudicial error on the part of the court to refuse it.

It is true that the company, having written the policy, must accept any reasonable interpretation of it in favor of the policyholder, but this rule does not require, nor can it justify, a strained or unreasonable interpretation of the language used which is to be given its natural and commonly accepted meaning.

It is contended by the defendant in error that the word *at* is sufficiently flexible of meaning to locate the position of the launch at the time it sank, as being *at* the beach. In our opinion the word *at* not only applies to the drowning, but to the policyholder as well. As used in the policy it is not merely a word denoting accidental or casual proximity to a certain spot, a public bathing beach, but means that the policyholder must have had some connection or association with the public beach as an owner, employee, guest, or patron, at the time of the drowning.

The evidence wholly fails to show that the decedent, or any of the party with whom she was in the launch, or the boat itself, had any connection with the Idlewild resort. She was not *at* Idlewild. The court in its charge to the jury made the mere proximity the sole criterion for the jury's determination of the locality of the drowning. The court failed to properly construe the contract. Such proper construction required an instructed verdict for the insurance company. As has been pointed out, mere proximity alone, in view of the language of the policy, is not the sole test of liability. In so far as proximity might be a question in the case, it would be a question of fact for the jury, and we would not disturb the conclusion of the jury upon this point.

Had the policyholder been associated with the Idlewild resort in some such manner as heretofore indi-

cated, and had she left this resort and its beach in a launch, and been drowned, the question of proximity would then have constituted a subject for the sole consideration of the jury.

An ocean steamer might become stranded in the vicinity of one of our great sea bathing beaches, resulting in the drowning of a passenger, an alien who had never touched our shores, and in such event it would hardly be urged that any degree of proximity to such public beach would place a policyholder within the terms of the contract involved herein.

The construction of the policy covenant, however, is for the court, and it is our opinion that the common pleas court erred in construing such contract as merely requiring accidental or casual proximity to a beach, rather than direct connection or association with it, on the part of the policyholder.

It is not amiss here to say, using the commonly accepted term, that the launch sank off the beach, rather than at it.

It is also contended that, in view of the fact that the state owned a fringe around the entire lake, the whole was a public bathing beach. We think such a construction not justified by the facts, which showed that many portions of the shore were leased to private persons, and that considerable stretches of the shore were wholly unfit for use as a bathing beach.

All other assignments of error have been considered and found without prejudice to plaintiff in error.

Thus viewing the case, the judgment of the court of common pleas of Butler county is reversed, and, there being no dispute as to the facts, judgment will

be entered in this court in favor of the plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

CUSHING, P. J., and HAMILTON, J., concur.